McRAE, Justice,
dissenting:
I dissent to the preceding order.
Approximately two years ago, the majority held that the Youth Court had exclusive jurisdiction in child abuse proceedings, even to the exclusion of the Chancery Court. See In the Interest of D.L.D., 606 So.2d 1125 (Miss.1992). With this order, the majority ignores its decision and now holds that the Youth Court can transfer a child abuse case to another Youth Court in a different county for the sole purpose of consolidating it with a divorce proceeding in the Chancery Court. This case resembles deja vu but with a complete opposite result. The majority attempts to glaze over its actions by couching this decision in an order instead of an opinion whereby it would be required to justify its actions.
This action was properly lodged in the Family Court of Harrison County where it was commenced. Its transfer to the Youth Court of Hinds County and later consolidation with a divorce action in the Hinds County Chancery Court was erroneous and inconsistent with this Court’s ruling in In the Interest of D.L.D. Because the majority conveniently overlooks our prior decision which holds that a youth court has exclusive jurisdiction over child abuse proceedings, I respectfully dissent.
On February 5,1993, a petition was filed in the Family Court of Harrison County alleging that Macey, a four year-old, had been abused by her father, T.K. On February 10, 1993, an amended abuse report was filed alleging that C.K., a seven year-old, was neglected because of the abuse sustained by her sister. On that same day, an intake report was filed which had been prepared by the Harrison County Department of Human Services on February 1, 1993. After the petition had been filed, the Harrison County *1347 Family Court became aware that a divorce action was pending in the Chancery Court of the Second Judicial District of Hinds County between the parents of M.K. and C.K.
On its own motion, the Family Court transferred the cause to the Youth Court of Hinds County pursuant to Miss.Code Ann. § 43-21-155(2) (1972). T.K. filed a motion to set aside the order transferring the cause to Hinds County Youth Court, but the Family Court denied his motion. The Family Court did, however, grant T.K. request to file the following question for interlocutory review:
Whether it was error to have transferred this cause to Youth Court, Hinds County, Mississippi; and whether it was error that this court denied the motion to set aside order changing venue, filed on behalf of T.K.
Subsequent to the transfer to the Youth Court of Hinds County, the Youth Court consolidated the cause with the divorce action pending in the Chancery Court of the Second Judicial District of Hinds County.
The Harrison County Family Court was the proper court to bring the abuse allegations since Miss.Code Ann. § 43-23-5 (1972) provides:
Except as otherwise provided herein, the [family] court shall have original jurisdiction in all proceedings concerning any delinquent or neglected child residing or being in the county, which jurisdiction shall be exclusive.
Miss.Code Ann. § 43-23-5 (1972). The statute that the Family Court relied upon in transferring the cause to Youth Court in Hinds County is Miss.Code Ann. § 43-21-155(2)(1972) states:
If a child is alleged to be an abused or neglected child, the proceedings shall be commenced in the county where the child’s custodian resides or in the county where the child is present when the report is made to the intake unit.
Miss.Code Ann. § 43-21-155(2)(1972). Because the intake report was filed in Harrison County and because the children at issue resided in Harrison County with their mother who was the legal custodian, it was erroneously transferred to Hinds County. As all are aware, one can not forum shop in the state of Mississippi. Harrison County was the proper county in which to bring the proceedings.
Moreover, this Court, in its denial of the interlocutory appeal, artfully ignores its recent decision in In the Interest of D.L.D., 606 So.2d 1125 (Miss.1992) which held that a youth court, rather than a chancery court, has exclusive jurisdiction over a minor’s business. Without wanting to publish this decision and by couching it in an order, the majority attempts to hide its inharmonious decisions, and with this, I can not agree. The sole question on review in In the Interest of D.L.D., was which court, the youth court or the chancery court, had jurisdiction to render a decision regarding the custody and visitation privileges of an abused child. In the Interest of D.L.D., 606 So.2d at 1126. In In the Interest of D.L.D., I dissented to the majority’s holding that “the juvenile court had exclusive authority to render its decision concerning the child’s custody, in contrast to an earlier superior court decree [a chancery court decree].” Id. at 1130. The majority based its decision on the fact that “neither the same subject matter nor the rights of the same parties [were] adjudicated in both courts.” Id. at 1129. Since the youth court’s polestar concern is the treatment and welfare of the minor child, unlike divorce proceedings in chancery court where only the mother and father are the parties, the youth court had exclusive jurisdiction over child abuse pro- ' ceedings. Id.
In my dissent, I argued that because Miss. Const. Art. 6, § 159 vests the chancery court with full jurisdiction over matters concerning minor’s business, the constitutionally created chancery court remained the ultimate authority in determining matters regarding minor’s business. In the Interest of D.L.D., 606 So.2d at 1131. In addition, the majority was cautioned that circumstances might arise where the folly of removing the ultimate authority to adjudicate minor’s business from the chancery court would be evident. Id. In any event, the majority held that the Youth Court had exclusive jurisdiction over child abuse proceedings, and as such, the later transfer to chancery court from youth court *1348 is inconsistent with our case law. T.K.’s interlocutory appeal ought to have been granted since Harrison County remains the proper venue to bring the action. One does have to wonder what this Court will do next. Although I did not and still do not agree with the decision in In the Interest of D.L.D., we should be more constant in our decision-making. Accordingly, I dissent.